UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOUIE M. ROSALES,<br><br>               Plaintiff,<br><br>    v.<br><br>RICHARD V. SPENCER, Secretary of the United States Department of the Navy,<br><br>               Defendant. | CASE NO. C17-5781 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND VACATING JUDGMENT AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

      This matter comes before the Court on Plaintiff Louie Rosales's ("Rosales") motion for reconsideration. Dkt. 47.

      On June 4, 2019, the Court granted Defendant Richard Spencer's ("Government") motion for summary judgment in part and denied it in part. Dkt. 45. In relevant part, the Court granted the motion on Rosales's Title VII retaliation claims. *Id.* On June 6, 2010, the Court entered judgment in favor of the Government after Rosales voluntarily dismissed his remaining breach of contract claim. Dkt. 46.

      On June 18, 2019, Rosales filed a motion for reconsideration arguing in part that the Court applied an improper standard in considering his retaliation claims. Dkt. 47. On

June 20, 2018, the Court requested a response from the Government and renoted Rosales's motion. Dkt. 48. On June 28, 2019, the Government responded. Dkt. 49. On July 5, 2019, Rosales replied. Dkt. 51.

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In this case, the Court concludes that it committed clear legal error in granting the Government's motion. Rosales argues that the Court improperly considered his claims under 42 U.S.C. § 2000e-3, which requires a plaintiff to establish "but-for" causation, when it should have considered his claims under 42 U.S.C. § 2000e-16, which is the statute governing discrimination in federal employment and employs a "more likely than not" causation standard. Dkt. 47. In *Gomez-Perez v. Potter*, 553 U.S. 474 (2008), the Supreme Court stated that "[t]he Federal Government . . . has declined to take a position on the question whether Title VII bans retaliation in federal employment . . . and that issue is not before us in this case." *Id.* at 488 n.4. In *Nita H. v. Sally Jewell, Sec'y, Dep't*

*of the Interior*, EEOC DOC 0320110050, 2014 WL 3788011 (E.E.O.C. July 16, 2014), the United States Equal Employment Opportunity Commission ("EEOC") took the position that not only does Title VII prohibit retaliation in federal employment but also that the standard is whether the "protected activity more likely than not caused" the adverse action. *Id.* at *9, *10 n.6. The second proposition is inconsistent with the Supreme Court's holding that under § 2000e-3 the plaintiff must prove "but-for" causation between the protected activity and the adverse employment actions. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). The EEOC explained the difference as follows:

> In the Commission's view, the "but for" standard ("but for" its retaliatory motive, the employer would not have taken the adverse action, meaning that the retaliatory motive made a difference in the outcome) does not apply to retaliation claims by federal sector applicants or employees under Title VII or the ADEA because the relevant federal sector statutory language does not employ the "because of" language on which the Supreme Court based its holdings in [*Nassar*] and *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) (requiring "but for" causation for ADEA claims brought under 29 U.S.C. § 623). These federal sector provisions contain a "broad prohibition of 'discrimination' rather than a list of specific prohibited practices." *See Gomez-Perez v. Potter*, 553 U.S. 474, 487–88 (2008) (holding that the broad prohibition in 29 U.S.C. § 633a(a) that personnel actions affecting federal employees who are at least 40 years of age "shall be made free from any discrimination based on age" prohibits retaliation by federal agencies); *see also* 42 U.S.C. § 2000e-16(a) (personnel actions affecting federal employees "shall be made free from any discrimination based on race, color, religion, sex, or national origin").

*Nita H.*, 2014 WL 3788011, at *10 n.6. Thus, the Federal Government has spoken on the issue, and Rosales has established that the Court committed clear error in imposing a "but-for" standard when considering his § 2000e-16 retaliation claims.

The Government argues that the Court did not commit error for numerous reasons. First, the Government contends that the Ninth Circuit implements the "but-for" causation standard in federal employment cases. Dkt. 49 at 3. However, the cases the Government cites do not clearly address the issue of retaliation against a federal employee under § 2000e-16. *Id.* (listing cases). For example, in *Arakaki v. Brennan*, 17-15885, 2019 WL 2451080 (9th Cir. June 12, 2019), the court stated that "Plaintiff Keith Arakaki appeals the district court's order granting summary judgment to his employer, the United States Postal Service, on his employment discrimination claims brought pursuant to Title VII, 42 U.S.C. § 2000e-3." *Id.* at 1. Therefore, the Government has failed to show binding precedent implementing the "but-for" standard on § 2000e-16 claims.

Second, the Government argues that the EEOC opinion is non-binding and relies on a difference in language between § 2000e-3 and § 2000e-16 that "does not make a difference." Dkt. 49 at 3–4. While the EEOC's opinion is not binding, the Government fails to establish whether it is entitled to deference. *Udall v. Tallman*, 380 U.S. 1, 16 (1965) ("this Court shows great deference to the interpretation given the statute by the officers or agency charged with its administration."); 42 U.S.C. § 2000e-12 ("The Commission shall have authority from time to time to issue, amend, or rescind suitable procedural regulations to carry out the provisions of this subchapter."). Similarly, the difference in language did make a difference to the EEOC, and the Government has failed to establish, at least in this round of briefing, that § 2000e-3 and § 2000e-16 should be construed and interpreted identically.

Therefore, the Court **GRANTS** Rosales's motion for reconsideration, Dkt. 47, and the Clerk shall **VACATE** the order granting the Government's motion for summary judgment, Dkt. 43, and judgment, Dkt. 46. The parties shall file a joint status report regarding how they intend to proceed with this matter. The Court envisions an abbreviated trial schedule starting with a dispositive motion deadline and ending with a new trial date. The parties may also consider requesting a brief from the EEOC as amicus curiae on the relevant issue.

**IT IS SO ORDERED**.

Dated this 10th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge