UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIE M. ROSALES,

                        Plaintiff,

        v.

RICHARD V SPENCER, Secretary,
Dept. of the Navy,

                        Defendant.

CASE NO. C17-5781 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendant Richard Spencer, Secretary of

the United States Department of the Navy's ("Government") motion for summary

judgment.  Dkt. 56.  The Court has considered the pleadings filed in support of and in

opposition to the motion and the remainder of the file and hereby denies the motion for

the reasons stated herein.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

Although the facts are set forth in the Court's prior, vacated order granting the

Government's first motion for summary judgment, Dkt. 43, the procedural history in this

case is complex and requires additional explanation.  In that previous order, the

Government moved for summary judgment on Plaintiff Louie Rosales's ("Rosales") claim for retaliatory discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et. seq. Id.* at 10–15. In his opposition, Rosales conceded that he had "the burden of proving a but-for causal link between his protected activity and the retaliatory conduct." Dkt. 33 at 20 (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013) (interpreting § 2000e–3(a)). Under that standard, the Court concluded that, although close, Rosales had failed to establish but-for causation. Dkt. 43 at 15.

On June 18, 2019, Rosales filed a motion for reconsideration arguing that the proper standard for Title VII claims brought by federal employees under § 2000e–16(a) was the motivating factor test. Dkt. 47. That section provides that federal employees "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–16(a). On July 10, 2019, the Court granted Rosales's motion and vacated its prior order. Dkt. 52.

On October 31, 2019, the Government filed the instant renewed motion for summary judgment. Dkt. 56. On November 18, 2019, Rosales responded. Dkt. 57. On November 22, 2019, the Government replied. Dkt. 59-1 (amended brief).

## II. DISCUSSION

There is a three-step burden-shifting framework for considering summary judgment in an employment retaliation case. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). To establish a triable issue, the plaintiff first must prove a prima facie case by showing "(1) involvement in a protected activity, (2) an adverse

employment action[,] and (3) a causal link between the two." *Id*. Second, the burden shifts to the defendant to present a legitimate reason for the adverse employment action. *Id*. Third, the burden shifts back to the plaintiff to "demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was a pretext." *Id*. "Only then does the case proceed beyond the summary judgment stage." *Id*.

In this case, the Government's motion is in part a belated motion for reconsideration of the Court's decision on the causation standard applicable to Rosales's prima facie case and also challenges Rosales's evidence concerning the element of pretext. Dkt. 56.

**A.  Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

## B.    Prima Facie Causation

Federal employees "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). In *Ayon v. Sampson*, 547 F.2d 446 (9th Cir. 1976), the district court dismissed a federal employee's Title VII claim of retaliation for lack of jurisdiction because it concluded that § 2000e–16 did not explicitly prohibit retaliation as Title VII does in § 2000e–3. *Id.* at 449. The Ninth Circuit disagreed with that conclusion holding "that in enacting § 2000e–16, Congress intended to, and did incorporate into that section the provisions of the Civil Rights Act

prohibiting harassment or retaliation for the exercise of those remedial rights established

by the Act." *Id.* at 450. The Ninth Circuit, however, has failed to clarify whether it

simply incorporated protections for retaliation under the § 2000e–16 standards of proof or

incorporated the protections and standards of proof set forth in § 2000e–3 and *Nassar.*

The Government argues that by "incorporating" the retaliation provision, the

Ninth Circuit meant to incorporate the full text of § 2000e–3 with the accompanying

"because of" language. Dkt. 56 at 16. That is certainly one reasonable interpretation of

the Ninth Circuit's holding, but the D.C. Circuit has set forth a competing interpretation

based on similar language in the federal employee provision of the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 633a. Similar to § 2000e–16, § 633a does not

explicitly mention retaliation by proscribing that federal employees "shall be made free

from any discrimination based on age." The D.C. Circuit held that Congress intended to

prohibit retaliation in § 633a as follows:

> In enacting § 633a(a), Congress used unqualified language that
> encompasses a claim of retaliation because "analytically a reprisal for an
> age discrimination charge is an action in which age bias is a substantial
> factor." *See Siegel v. Kreps*, 654 F.2d 773, 782 n. 43 (D.C.Cir.1981)
> (Robinson, J., concurring in part and dissenting in part) (citations omitted).
> Congress's failure to mention "retaliation" explicitly does not undermine its
> intended breadth of the provision. *Cf. PGA Tour, Inc. v. Martin*, 532 U.S.
> 661, 121 S.Ct. 1879, 1897, 149 L.Ed.2d 904, (2001); *Teva Pharm., USA,
> Inc. v. U.S. Food & Drug Admin.*, 182 F.3d 1003, 1011 (D.C.Cir.1999). It
> is difficult to imagine how a workplace could be "free from *any*
> discrimination based on age" if, in response to an age discrimination claim,
> a federal employer could fire or take other action that was adverse to an
> employee. To treat Congress's mandate as other than comprehensive would
> produce absurd results, which courts are to avoid. *See Griffin v. Oceanic
> Contractors, Inc.*, 458 U.S. 564, 575, 102 S.Ct. 3245, 73 L.Ed.2d 973
> (1982). Nothing in the plain language of § 633a suggests that Congress
> intended the federal workplace to be less free of age discrimination than the

private workplace. To the contrary, Congress's actions show that it intended its mandate to reach more broadly in the federal sector than in the private sector.

*Forman v. Small*, 271 F.3d 285, 296–97 (D.C. Cir. 2001). Under this reasoning, the Ninth Circuit's holding could be interpreted to mean that retaliation based on underlying complaints of status-based discrimination is encompassed by § 2000e-16's broad language that federal employees "shall be made free from any discrimination based on race, color, religion, sex, or national origin." Thus, at the very least, the Court is faced with two reasonable interpretations of the holding in *Ayon*, neither of which is more persuasive than the other.

Next, the Government argues that the policy reasons set forth in *Nassar* apply in this context as well. Dkt. 56 at 16. The Government has no evidence to support the position that retaliation claims in federal employment have exponentially multiplied in recent years, clogging federal courts or administrative agencies, or that the federal government has an interest in distinguishing between status-based discrimination claims and retaliation claims. Thus, the Court rejects the Government's unsupported position.

Furthermore, *Nassar* addressed the issue of lower courts adopting the causation standard from § 2000e–2(m) to decide claims under § 2000e–3. 570 U.S. at 345. The Court held that was inappropriate because § 2000e–3 set forth its own standard for causation. Here, the question is not whether § 2000e–3 sets forth its own standard of causation but whether that standard should control for retaliation claims brought under § 2000e–16, which has a board, sweeping causation standard of its own. Thus, similar to *Nassar*, in the absence of any authority to the contrary, the simplest and most

straightforward solution is to apply the standard set forth in the provision that prohibits the challenged conduct in federal employment, § 2000e–16, instead of adopting a standard from a separate provision governing all other employment.

The Government also cites numerous authorities that have applied the but-for standard for retaliation claims in federal employment. Dkt. 56 at 17. The problem with the Government's position is that it fails to show that any of these authorities addressed the question currently before the Court. Instead, on review of a few of these authorities, courts simply assumed the but-for standard was the proper standard as this Court did when considering the Government's first motion. Therefore, these authorities are not persuasive as to the instant issue.

Finally, the Government argues that the Equal Employment Opportunity Commission's guidelines are not binding in federal court. Dkt. 56 at 18. While true, the guidelines and petition cited by Rosales, *Nita H., Petitioner, v. Sally Jewell, Sec'y, Dep't of the Interior (Nat'l Park Serv.), Agency.*, EEOC DOC 0320110050, 2014 WL 3788011, (E.E.O.C. July 16, 2014), are based on the same logic as set forth in *Forman*, 271 F.3d at 296–97, which is that the language "free from *any* discrimination" sweeps more broadly that the "because of" language. While not entitled to deference, the conclusion is persuasive in light of the D.C. Circuit's similar stance on the issue. Therefore, the Court concludes that the standard for causation on a retaliation claim under § 2000e–16 is motivating factor and not but-for. This is consistent with Congress's mandate that federal employees shall be free from any discrimination whether it is a motivating factor in an adverse decision or the reason for the adverse action.

Regarding the merits of Rosales's prima facie case, he has submitted sufficient evidence to establish his prima facie case. Thus, the Court denies the Government's motion on this issue.

**C.     Pretext**

Rosales may establish pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

In this case, Rosales has sufficiently established that material questions of fact exist whether the Government's reasons for the alleged adverse actions are pretextual. The temporal proximity between Rosales's discrimination complaint and his demotion is evidence in favor of pretext. Rosales's supervisor, Cassandra Pruitt, recommended that Rosales receive a two-day suspension for missing a routine training, which she conceded was unprecedented. Finally, a question of fact exists whether Joshua Harrell allowed Rosales to leave the jobsite to work on material in support of his discrimination complaint. In light of this evidence, the Court concludes that Rosales has met his burden of production on this element of the applicable test, and the Government's motion is denied.

# III.  ORDER

Therefore, it is hereby **ORDERED** that the Government's motion for summary judgment, Dkt. 56, is **DENIED**.

Dated this 19th day of December, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge